NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4983-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

STEPHEN E. MULLINS, JR.,

 Defendant-Appellant.
_____________________________

 Submitted June 7, 2017 – Decided July 6, 2017

 Before Judges Simonelli and Gooden Brown.

 On appeal from the Superior Court of New
 Jersey, Law Division, Cumberland County,
 Indictment Nos. 12-08-0804 and 13-01-0044.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (John V. Molitor, Designated
 Counsel, on the brief).

 Jennifer Webb-McRae, Cumberland County
 Prosecutor, attorney for respondent (Stephen
 C. Sayer, Assistant Prosecutor, of counsel and
 on the brief).

PER CURIAM
 Defendant Stephen Mullins appeals from the denial of his

petition for post-conviction relief (PCR) without an evidentiary

hearing. For the following reasons, we affirm.

 I.

 In 2012, a grand jury indicted defendant under Indictment No.

12-08-0804 for first-degree attempted murder, N.J.S.A. 2C:5-1 and

N.J.S.A. 2C:11-3 (count one);1 second-degree aggravated assault,

N.J.S.A. 2C:12-1(b)(1) (count two); fourth-degree aggravated

assault, N.J.S.A. 2C:12-1(b)(4) (count three); third-degree

terroristic threats, N.J.S.A. 2C:12-3(b) (count four); second-

degree possession of a weapon for an unlawful purpose, N.J.S.A.

2C:39-4(a) (count five); fourth-degree unlawful possession of a

defaced firearm, N.J.S.A. 2C:39-3(d) (count six); and tampering

with a witness/bribery of a witness, N.J.S.A. 2C:28-5(a) and (d)

(count seven) (the 2012 Indictment). Defendant was also charged

with several disorderly persons offenses.

 In 2013, a grand jury indicted defendant under Indictment No.

13-01-0044 for third-degree aggravated assault, N.J.S.A. 2C:12-

1(b)(2) (count one); third-degree terroristic threats, N.J.S.A.

2C:12-3(b) (count two); second-degree unlawful possession of a

weapon, N.J.S.A. 2C:39-4(a) (count three); and fourth-degree

1
 The court subsequently dismissed this charge.

 2 A-4983-15T4
contempt, N.J.S.A. 2C:29-9(b) (count four). Defendant was also

charged with several disorderly persons offenses (the 2013

Indictment).

 The charges in the 2012 Indictment stemmed from a domestic

violence incident where defendant placed a trash bag over his

girlfriend's head in an attempt to suffocate her; threatened her

with a handgun; assaulted her; and locked her in their home before

she was able to escape through a window and notify the police.2

When New Jersey State Troopers arrived, defendant eventually

surrendered and was placed in the back of a patrol car while the

Troopers conducted a protective sweep of the premises, during

which they discovered a handgun that was subsequently seized

pursuant to a search warrant. Defendant filed a motion to suppress

the handgun, arguing that the Troopers obtained the search warrant

after they had seized the weapon.

 Following the denial the motion, defendant agreed to plead

guilty under count five of the 2012 Indictment to an amended charge

of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-

5, and under count three of the 2013 Indictment to an amended

charge of third-degree unlawful possession of a shotgun, N.J.S.A.

2:39-5(c)(1). In exchange, the State agreed to dismiss all

2
 The charges in the 2013 Indictment also stemmed from a domestic
violence incident between defendant and his girlfriend.

 3 A-4983-15T4
remaining charges in both indictments, as well as the charges in

an unrelated indictment, and to recommend concurrent five-year

terms of imprisonment with a one-year period of parole

ineligibility, which was a departure from the Graves Act, N.J.S.A.

2C:43-6(1). The State also agreed to recommend that the sentence

would run concurrent to any disposition of another unrelated

indictment. The terms of the agreement were explained to defendant

at the plea and sentencing hearings.

 Defendant did not appeal his conviction or sentence. Instead,

he filed a PCR petition, contending that defense counsel rendered

ineffective assistance by failing to obtain a motor vehicle

recording (MVR) from the patrol car. Defendant claimed that as

he sat in the patrol car, he observed the MVR operating. He argued

that the handgun would have been suppressed because the MVR would

have recorded the Troopers seizing the handgun before they obtained

the search warrant.

 At the court's direction, the State requested a copy of the

MVR from the State Police. The State subsequently represented to

the court that an MVR did not exist and never existed. Defendant

presented no evidence to the contrary, or evidence that defense

counsel never requested the MVR.

 Defendant also argued that counsel inaccurately advised him

that he would be eligible for parole almost immediately and

 4 A-4983-15T4
released from custody quickly if he pled guilty. Defendant

asserted that but for this inaccurate advice, he would not have

pled guilty and would have gone to trial.

 In a May 31, 2016 written opinion, Judge Robert G. Malestein

denied the petition without an evidentiary hearing. The judge

found that since the MVR did not exist and never existed, whether

or not defense counsel requested it was immaterial because it

would not have changed the ultimate outcome. The judge determined

that defendant's argument that the handgun would have been

suppressed based on the MVR was mere speculation and conjecture,

and his claim that defense counsel never requested the MVR was a

bald assertion unsupported by any certification.

 Judge Malestein also found that the terms of defendant's

sentence were explained during the plea and sentencing hearings,

and defendant could not demonstrate he would not have pled guilty

given the favorable plea agreement he received. The judge noted

that defendant was facing three separate indictments, two of which

involved gun charges that were subject to the mandatory sentencing

provisions of the Graves Act. The judge emphasized that if

convicted, defendant faced a sentence of up to twenty years with

a ten-year period of parole ineligibility and a minimum sentence

of five-years with three years of parole ineligibility for each

indictment, and these sentences likely would have run

 5 A-4983-15T4
consecutively. The judge concluded that defendant obtained the

benefit of a very favorable plea agreement, and the record did not

support his argument that counsel rendered ineffective assistance

with respect to the guilty plea.

 On appeal, defendant raises the following contention:

 POINT I

 THIS COURT SHOULD REVERSE THE TRIAL
 COURT'S DECISION TO DENY
 DEFENDANT'S PETITION FOR [PCR] AND
 REMAND THE MATTER FOR AN EVIDENTIARY
 HEARING

 The mere raising of a claim for PCR does not entitle the

defendant to an evidentiary hearing. State v. Cummings, 321 N.J.

Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

Rather, trial courts should grant evidentiary hearings and make a

determination on the merits only if the defendant has presented a

prima facie claim of ineffective assistance, material issues of

disputed fact lie outside the record, and resolution of the issues

necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J.

343, 355 (2013). To establish a prima facie claim of ineffective

assistance of counsel, the defendant

 must satisfy two prongs. First, he must
 demonstrate that counsel made errors so
 serious that counsel was not functioning as
 the counsel guaranteed the defendant by the
 Sixth Amendment. An attorney's representation
 is deficient when it [falls] below an
 objective standard of reasonableness.

 6 A-4983-15T4
 Second, a defendant must show that the
 deficient performance prejudiced the defense.
 A defendant will be prejudiced when counsel's
 errors are sufficiently serious to deny him a
 fair trial. The prejudice standard is met if
 there is a reasonable probability that, but
 for counsel's unprofessional errors, the
 result of the proceeding would have been
 different. A reasonable probability simply
 means a probability sufficient to undermine
 confidence in the outcome of the proceeding.

 [State v. O'Neil, 219 N.J. 598, 611 (2014)
 (citations omitted).]

"[I]n order to establish a prima facie claim, [the defendant] must

do more than make bald assertions that he was denied the effective

assistance of counsel. He must allege facts sufficient to

demonstrate counsel's alleged substandard performance." Cummings,

supra, 321 N.J. Super. at 170. The defendant must establish, by

a preponderance of the credible evidence, that he or she is

entitled to the requested relief. State v. Nash, 212 N.J. 518,

541 (2013).

 With respect to a guilty plea, our Supreme Court has explained

that

 [t]o set aside a guilty plea based on
 ineffective assistance of counsel, a defendant
 must show that (i) counsel's assistance was
 not within the range of competence demanded
 of attorneys in criminal cases; and (ii) that
 there is a reasonable probability that, but
 for counsel's errors, [the defendant] would
 not have pled guilty and would have insisted
 on going to trial.

 7 A-4983-15T4
 [State v. Nuñez-Valdéz, 200 N.J. 129, 138-39
 (2009) (alterations in original) (quoting
 State v. DiFrisco, 137 N.J. 434, 457 (1994)).]

 We have considered defendant's contention in light of the

record and applicable legal principles and conclude it is without

sufficient merit to warrant discussion in a written opinion. R.

2:11-3(e)(2). We affirm substantially for the reasons set forth

in Judge Malestein's well-reasoned written opinion.

 Affirmed.

 8 A-4983-15T4